NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR NOE HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   17-72454<br><br>Agency No. A206-730-967<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020[**]
Pasadena, California

Before:  LIPEZ,[***] RAWLINSON, and N.R. SMITH, Circuit Judges.

Edgar Noe Hernandez, a native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal

of an order of an Immigration Judge ("IJ") denying his applications for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. Hernandez asserts that the BIA erred by concluding that his three proposed social groups -- "Salvadoran young males actively involved in church youth activities who resist gang recruitment for religious beliefs," "Salvadorans who fled after resisting gang recruitment and are deported back to El Salvador," and "Salvadorans who take concrete steps to resist gang membership" -- are not cognizable as particular social groups under the Immigration and Nationality Act, thus requiring denial of his applications for asylum and withholding of removal. We disagree.

The "social distinction" prong of the particular social group analysis "refers to social recognition," which is "determined by the perception of the society in question, rather than by the perception of the persecutor." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (internal quotation marks omitted). Determining social distinction requires a case-specific inquiry into "whether the relevant society recognizes [the] proposed social group." *Id.* (alteration in original) (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014)). Substantial evidence supports the BIA's conclusion that none of Hernandez's proposed groups are socially distinct.

17-72454

2.  Hernandez asserts that the BIA denied him due process because it failed to provide any reasoned analysis regarding the country-specific evidence he submitted in relation to his three proposed social groups.  Again, we disagree.  The IJ undertook the required case-specific inquiry, and the BIA unambiguously relied upon the IJ's reasoning, leaving no question as to the basis of its decision.

3.  Finally, Hernandez takes issue with the BIA's adjudication of his CAT claim.   To be entitled to relief under the CAT, a petitioner must demonstrate that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).  Substantial evidence supports the IJ's and BIA's conclusion that it was not more likely than not that Hernandez would be tortured if removed to El Salvador.  To the extent that Hernandez asserts that the IJ and BIA committed legal error in their analysis of his CAT claim by failing to meaningfully review all the country conditions evidence or misconstruing the legal standard for CAT relief, that argument also fails.  The IJ's decision reflected a close review of all the country conditions evidence, and there is no reason to believe that the BIA did not review the record and agree with the IJ's treatment of it, as stated in its decision.  Moreover, contrary to Hernandez's argument, neither the IJ nor the BIA "required" a showing of past torture; rather, both appropriately relied on Hernandez's failure to allege past torture as an important -- but non-dispositive -- factor in the analysis of Hernandez's CAT claim.  *See id.*

3                                                                17-72454

§ 208.16(c)(3)(i).

       **The petition for review is DENIED.**