**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNA MAGDALENA ZAVALA DE GOMEZ; et al., | No. 17-70112 |
| Petitioners, | Agency Nos. A208-125-663 A208-125-664 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Reyna Magdalena Zavala de Gomez and her minor daughter, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny the petition for review.

The agency did not err in concluding that petitioners did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the determination that petitioners otherwise failed to demonstrate a nexus between the harm they experienced or fear in El Salvador and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because

Zavala de Gomez failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Zavala de Gomez's motion (Docket Entry No. 51) to remand and terminate proceedings for lack of jurisdiction is denied. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from NTA can be cured for jurisdictional purposes by later hearing notice).

Petitioners' opposed request for mediation (Docket Entry No. 62) is denied.

As stated in the court's March 1, 2017 order, the temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**