**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL MARTINEZ-MENDOZA, AKA Raul Castillo-Mendoza, | No. 20-71567 |
| Petitioner, | Agency No. A095-808-220 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Raul Martinez-Mendoza, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

&ast;     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id.* We deny the petition for review.

Substantial evidence supports the agency's determination that Martinez-Mendoza failed to establish his proposed social group is socially distinct. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Martinez-Mendoza did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (*quoting Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Martinez-Mendoza's withholding of removal claim fails.

In light of this disposition, we do not reach Martinez-Mendoza's remaining

contentions regarding the merits of his withholding of removal claim. *See*

*Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are

not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because

Martinez-Mendoza failed to show it is more likely than not he would be tortured

by or with the consent or acquiescence of the government if returned to Mexico.

*See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (evidence did not compel

the conclusion that petitioner was more likely than not to be tortured where, in

part, past harm did not rise to the level of torture); *Wakkary v. Holder*, 558 F.3d

1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The temporary stay of removal remains in place until issuance of the

mandate.

**PETITION FOR REVIEW DENIED.**