**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIEGO ARMANDO FRANCISCO PABLO, AKA Jose Alvarado Vasquez, AKA Jose Velasquez Alvarado; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70016 <br><br> Agency Nos.  A088-355-319 <br> A208-605-359 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Diego Armando Francisco Pablo and his child, natives and citizens of

Guatemala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the determination that petitioners failed to establish that the harm they experienced from members of the Civil Society rose to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel the conclusion that threats rose to the level of persecution). Substantial evidence also supports the determination that petitioners failed to establish that the harm they experienced or fear from the Civil Society was or would be on account of an actual or imputed political opinion. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioners] must show (1) that [they] had either an affirmative or imputed political opinion, and (2) that they were targeted *on account of* that opinion."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

20-70016

Substantial evidence further supports the determination that, even under a disfavored group analysis, petitioners failed to demonstrate sufficient individualized risk of harm to establish a well-founded fear of persecution on account of their indigenous ethnicity. *See Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) (explaining that "a petitioner's membership in a disfavored group is not sufficient *by itself* to meet [the petitioner's] ultimate burden of proof; *some* evidence of individualized risk is necessary for the petitioner to succeed" (citation and internal quotation marks omitted)).

Thus, petitioners' asylum and withholding of removal claims fail.

The BIA did not err in its determination that Francisco Pablo waived any challenge to the IJ's denial of CAT relief. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination).

We reject as unsupported by the record petitioners' contentions that the IJ or BIA ignored evidence, applied an incorrect standard, failed to address arguments, or otherwise erred in the analysis of their claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**