NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOEL JIMENEZ MERCADO, AKA Fernando Tellez Barrera,<br><br>                Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   20-71511<br><br>Agency No.  A077-751-241<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,*** District
Judge.

Noel Jimenez Mercado, a native and citizen of Mexico, petitions this Court

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

      ***   The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for withholding of removal and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

1.     Petitioner forfeited review of the agency's denial of withholding of removal based on his proposed particular social group of his family by failing to challenge the BIA's determination that this proposed particular social group was not cognizable. *Etemadi v. Garland*, 12 F.4th 1013, 1026–27 (9th Cir. 2021). But even if his claims were not forfeited, the BIA properly determined that this proposed particular social group was not cognizable.

A "particular social group" must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). "The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these

findings and decisions are erroneous.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)). The BIA's determination that Petitioner failed to show that his family group was socially distinct rested on the IJ's finding that his entire family was not targeted for harm. That finding is supported by record evidence that not all members of Petitioner's family received threats after his uncle's kidnapping; rather, the evidence showed that only witnesses to the kidnapping were threatened. The record thus does not compel the conclusion that the BIA's decision was erroneous.

2.      Reviewing for substantial evidence the BIA's determination that Petitioner is not eligible for withholding of removal, *id.* at 831, we agree that the record shows he failed to establish past persecution "because of" a protected ground, *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (citing 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b)).

There is no record evidence that Petitioner's family membership or political opinion were a reason he was hit by a truck in 2011 or that his political opinion was a reason for the kidnapping or beating by the marines. And the record does not compel the conclusion that the interactions with officers in 2013 or the threats received in 2014 rise to the level of persecution. *See Halaim v. I.N.S.*, 358 F.3d 1128, 1132 (9th Cir. 2004) (determining years of derogatory comments and "a few

3

incidents" of police harassment did not compel the conclusion of persecution); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that two threats from "hitmen" did not compel the conclusion of persecution where there was no corresponding violence or other indications of mistreatment).

Substantial evidence supports the BIA's determination that Petitioner did not establish a clear probability of future persecution based on his family membership or political opinion. *See* 8 C.F.R. § 208.16(b)(2). The record evidence that other members of Petitioner's family received threats after his uncle's kidnapping but continued to live in Mexico unharmed, even after they testified at the kidnappers' trial, supported the BIA's conclusion that he did not demonstrate that it was more likely than not that he would be persecuted on account of his family membership. Similarly, the record supported the BIA's conclusion that Petitioner did not demonstrate a clear probability of future political persecution because his uncle, who also supported Petitioner's preferred candidate, had not been harmed since the kidnapping; there was no evidence that supporters of Petitioner's candidate were persecuted; and the police prosecuted the kidnappers. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) (explaining that source of persecution must be a government official or an individual or group that the government is unwilling or unable to control), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

3. Substantial evidence supports the BIA's determination that Petitioner failed to establish a clear probability of torture by or with the acquiescence or willful blindness of a government official. Although the agency found that Petitioner's interrogation and beating by marines was a harm rising to the level of persecution, the agency properly concluded that it did not rise to the level of torture. *See Gui v. INS*, 280 F.3d 1217, 1222–23, 1230 (9th Cir. 2002) (holding that "serious" persecution including 24-hour interrogation and several-hit-and-run car accidents "did not amount to torture"); *see also Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (holding that substantial evidence supported denial of CAT relief because petitioner's detention and beatings on four occasions did not "clear[ly] . . . rise to the level of torture"). And the record does not compel the conclusion that Petitioner would be tortured upon return to Mexico because Petitioner's relatives who were threatened then continued to reside safely in Mexico after his uncle's kidnapping. Finally, we have repeatedly affirmed findings like those in this case that generalized evidence of crime and violence in Mexico not particular to petitioners does not meet the standard for relief under the CAT. *See, e.g.*, *Gonzalez-Caraveo*, 882 F.3d at 895. In sum, the record does not compel the conclusion that Petitioner more likely than not will be tortured upon return to Mexico.

**PETITION FOR REVIEW DENIED.**

5