**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS ARREAGA PUAC, | No.    16-71238 |
| Petitioner, | Agency No. A206-357-326 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
San Francisco, California

Before:  S.R. THOMAS and McKEOWN, Circuit Judges, and ORRICK,*** District Judge.

Juan Carlos Arreaga Puac, a native and citizen of Guatemala, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming an

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Immigration Judge's ("IJ") denial of withholding of removal.[1] "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks and citations omitted). We review questions of law and mixed questions of law and fact de novo and factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the BIA's determination that Arreaga failed to show a clear likelihood of economic persecution on account of being indigenous. While purely economic harm can rise to the level of persecution in certain circumstances, *see Baballah v. Ashcroft*, 367 F.3d 1067, 1075 (9th Cir. 2004), the only evidence of future economic harm that Arreaga introduced below was country conditions evidence documenting racism against indigenous Guatemalans in employment generally. He pointed to no past persecution against him and no evidence supporting his position that he would face economic harm that amounted

---

[1] The BIA and IJ also denied asylum and protection under the Convention Against Torture ("CAT"). Arreaga's brief does not challenge the denial of asylum. Though his "question presented" references CAT, the brief contains no substantive challenge to or argument about that determination. These issues are, therefore, not before us. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (holding that appellant forfeited argument by failing to develop it in his opening brief).

to persecution in the future.

We also reject Arreaga's argument that the BIA erred in finding that he failed to show a likelihood of persecution on account of membership in a particular social group. As an initial matter, the government is incorrect that this issue is unexhausted. Arreaga raised it in his brief to the BIA and the BIA passed on it. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008). While Arreaga did not meaningfully develop his argument, he need not have done so to exhaust it. *Figueroa*, 543 F.3d at 492.

Both below and here, Arreaga failed to put forward any meaningful evidence or argument showing that his proposed particular social group—Guatemalans subject to a "virtual kleptocracy" from gangs—is cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (explaining that the applicant bears the burden to prove the existence of a cognizable particular social group). Generally, "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Arreaga has not presented here, and did not present below, evidence or argument showing that this proposed social group shares a common immutable characteristic, is defined with particularity, or is perceived as socially distinct in Guatemalan society. *See Reyes*, 842 F.3d at 1131. And he has not shown that "individuals in the group . . . share a narrowing

3

characteristic other than their risk of being persecuted." *Diaz-Reynoso v. Barr*, 968

F.3d 1070, 1081 (9th Cir. 2020) (internal quotation marks and citations omitted).

**PETITION DENIED.**