**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSTER JAVIER AMAYA-IZCOA, AKA Joster Amaya,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　17-70116<br><br>Agency No. A094-291-925<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:　　McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

　　Joster Javier Amaya-Izcoa, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

Amaya-Izcoa's constitutional challenge to the one-year filing deadline for asylum fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error is required to prevail on a due process claim); *see also Gonzalez-Medina v. Holder*, 641 F.3d 333, 337 (9th Cir. 2011) (there is a legitimate government purpose for the one-year bar). Thus, Amaya-Izcoa's asylum claim fails.

The agency did not err in concluding that Amaya-Izcoa did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). We reject as

17-70116

unsupported Amaya-Izcoa's contentions that the BIA erred in its analysis of his claim. Thus, Amaya-Izcoa's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Amaya-Izcoa failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Amaya-Izcoa's contentions that the United States immigration laws violate due process fail. *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("[T]he power to admit or exclude aliens is a sovereign prerogative."). To the extent Amaya-Izcoa requests that we overturn precedent, we deny the request. *See Aleman Gonzalez v. Barr*, 955 F.3d 762, 768 (9th Cir. 2020) (a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from the Supreme Court or an en banc decision of this court).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**