NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEIMY CAROLINA PINEDA-DE RODRIGUEZ, et al.,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-73389<br><br>Agency Nos. A202-126-826<br> A202-126-827<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Jeimy Carolina Pineda-De Rodriguez and her minor son, natives and citizens

of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

application for asylum, and denying Pineda-De Rodriguez's application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

Substantial evidence supports the agency's determination that the petitioners failed to establish their proposed social group is socially distinct. *See id.* at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that the petitioners did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, the asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because

Pineda-De Rodriguez failed to show that it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**