**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINGO PASQUAL-GASPAR, | No. 19-73001 |
| Petitioner, | Agency No. A071-639-629 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before:  SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Domingo Pasqual-Gaspar, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Pasqual-Gaspar failed to establish that he was or would be persecuted on account of a protected ground.[2] *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Pasqual-Gaspar's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Pasqual-Gaspar failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

---

[1] Pasqual-Gaspar does not challenge the agency's denial of his application for cancellation of removal.

[2] Because Pasqual-Gaspar's failure to demonstrate a nexus to a protected ground is dispositive, we do not reach his argument that he belongs to a particular social group. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (internal citation omitted).

To the extent that Pasqual-Gaspar asserts that the agency violated his due process rights by mischaracterizing evidence, we reject that assertion because the record indicates that Pasqual-Gaspar received a full and fair hearing. *See, e.g., Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) ("A court will grant a petition on due process grounds only if the proceeding was so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case.") (internal citations and quotation marks omitted).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**