**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr><td>

CARLOS ARNOLDO CONDE
QUEVEDO; AMALIA CONDE TURCIOS,
　　　　　　　　*Petitioners*,

v.

WILLIAM P. BARR, Attorney
General,
　　　　　　　　*Respondent.*

</td><td>

No. 18-70078

Agency Nos.
A089-853-122
A089-853-120


OPINION

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2019
Seattle, Washington

Filed January 24, 2020

Before: Susan P. Graber, Marsha S. Berzon,
and Stephen A. Higginson,[*] Circuit Judges.

Opinion by Judge Graber

---

[*] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

**SUMMARY***

**Immigration**

The panel dismissed in part and denied in part a petition for review of the Board of Immigration Appeals' denial of withholding of removal to a citizen of Guatemala, holding that this court lacked jurisdiction to consider petitioner's renewed arguments concerning Convention Against Torture relief because that issue exceeded the scope of this court's prior remand, and that substantial evidence supported the Board's determination that the record did not establish that Guatemalan society recognizes people who report the criminal activity of gangs to police as a distinct social group for purposes of withholding relief.

The panel explained that the Board properly concluded that it could not consider petitioner's CAT claim on remand, where this court expressly disposed of that issue in the prior petition for review, and remanded only for further consideration of petitioner's withholding claim.

The panel held that substantial evidence supported the Board's determination that petitioner's proposed social group of Guatemalans who report criminal activity of gangs to police was not cognizable due to the lack of society-specific evidence of social distinction. The panel explained that although country reports in evidence detailed the serious problem of gang violence in Guatemala, none of those documents discussed reporting gang violence to police, or

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

any risks or barriers associated with doing so, nor did any of those documents assert that Guatemalan society recognizes those who, without more, report gang violence as a distinct group. Similarly, the panel concluded that petitioner's testimony failed to support a finding of social recognition, where petitioner testified that, as far as he knew, only his family and friends—not the community in general—knew that he had filed a report with the police.

The panel concluded that petitioner's proposed social group differed from the group recognized in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), people who testified publicly against gang members in criminal proceedings, because Henriquez-Rivas had testified in open court, and the Salvadoran government had enacted a special witness protection law to protect those who testify against violent criminals. In contrast, although petitioner reported his gang attack to the police, there was no evidence that he ever testified against gang members, nor was there evidence that Guatemalans who merely make reports to the police are offered special legal protection. The panel noted that in *Henriquez-Rivas*, the court did not intend to suggest that the public nature of one's testimony was essential to social group cognizability, but because it was public, the court did not address whether Henriquez-Rivas would have been eligible had her conduct been private. The panel explained that *Henriquez-Rivas*, then, does not foreclose the possibility that reporting gang violence to police could suffice to establish eligibility, if, for example, there was evidence that, in a specific country, people in the community knew who reported crimes to the police, or if there were laws protecting those who did.

**COUNSEL**

Peter Hurtado (argued), Seattle, Washington, for Petitioners.

Tim Ramnitz (argued), Trial Attorney; Russell J.E. Verby, Senior Litigation Counsel; Shelley R. Goad, Assistant Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

GRABER, Circuit Judge:

Petitioner Carlos Arnoldo Conde Quevedo, a citizen of Guatemala, testified to an immigration judge ("IJ") that Guatemalan gang members attacked him twice. He fears that he will be attacked again if he returns to Guatemala because he reported the gang's criminal activity to the police. The Board of Immigration Appeals ("BIA") rejected Petitioner's request for withholding of removal because, it concluded, the record does not establish that Guatemalan society recognizes "people who report the criminal activity of gangs to police" as a distinct social group. We deny the petition as to withholding of removal and dismiss Petitioner's other challenge for lack of jurisdiction.

BACKGROUND

Petitioner entered the United States in 2001 on a visitor's visa.[1]  In 2009, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Petitioner's claim is founded on his having been attacked and seriously injured by Guatemalan gang members on two occasions and on his fear that those gang members would further harm him, if he returned to Guatemala, because he had reported their earlier attacks to the police.

Petitioner had a merits hearing before an IJ in 2011.  The IJ denied his applications for relief.  The BIA dismissed Petitioner's appeal in 2012.  With respect to withholding of removal, the BIA held that Petitioner had failed to demonstrate that he belongs to a particular social group.

Petitioner sought our review.  In 2014, we denied in part and granted in part the petition for review.  *Conde Quevedo v. Holder*, 585 F. App'x 492 (9th Cir. 2014) (unpublished).  We upheld the denial of Petitioner's claims for asylum and CAT relief.  *Id.*  But we remanded the claim for withholding of removal so the BIA could consider the effect of new Ninth Circuit and BIA decisions.  *Id.* at 492–93 (citing *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014); *Cordoba v. Holder*,

---

[1] Carlos Arnoldo Conde Quevedo is the lead petitioner.  His wife, Amalia Conde Turcios, also a citizen of Guatemala, is a rider petitioner.  She entered the United States in 2000.  She testified before the IJ that, in 1995 or 1996, her grandparents had been kidnaped by gang members.  But she did not testify that this was the source of her fear of future harm if she were to return to Guatemala, and Petitioners do not argue that on appeal.  As the case reaches us, then, Amalia Conde Turcios' claims are entirely dependent on her husband's.  For simplicity, references in the text to "Petitioner" refer to the lead petitioner, Carlos Arnoldo Conde Quevedo.

726 F.3d 1106 (9th Cir. 2013); *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (B.I.A. 2014); and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (B.I.A. 2014)). Those decisions clarified the interpretation of a "particular social group" and the applicable standard of review.

The BIA then remanded the matter to an IJ for fact-finding and additional proceedings "not inconsistent with the Ninth Circuit's order." An IJ held two additional hearings. At the hearings, the IJ clarified that the only issue before the court was the claim for withholding of removal. Petitioner's proposed social group for purposes of withholding of removal was "people who report the criminal activity of gangs to police."

While Petitioner was living in Guatemala, he was attacked and seriously injured twice by gang members. The first attack was an attempted robbery in 2000, during which gang members stabbed Petitioner in the abdomen. His father reported that incident to the police. Gang members attacked Petitioner a second time in 2001 and stabbed him in the arm. Petitioner and his father together reported the second incident to the police. They met with one police officer at the precinct.

Petitioner did not know whether the people who attacked him knew that he and his father had reported the attacks to the police, but he speculated that they found out. Petitioner believed that the second attack occurred because gang members knew that his father had reported the first incident to the police. Although his attackers did not say anything to him during the second attack, they did not take the money that he had with him. Petitioner testified that he was afraid to

return to Guatemala because he believed that gang members would try to kill him because he had reported the second attack to the police. Petitioner submitted for the record State Department Human Rights Reports from 2010 and 2014 and a Congressional Research Service report titled *Gangs in Central America*.

The IJ found that there was no evidence that people who report criminal gang activity to the police are a particular social group in Guatemala. The IJ thus concluded that Petitioner's "application for asylum, withholding, relief under the Torture Convention is denied."

The BIA dismissed Petitioner's timely appeal. It ruled that there was no clear error in the IJ's determination regarding the proposed particular social group. In a footnote, the BIA explained that, because the Ninth Circuit had remanded only the withholding of removal claim, it would not "readdress [Petitioner's] eligibility for relief under [CAT]" despite Petitioner's argument that it should. Petitioner timely petitions for review.

## STANDARDS OF REVIEW

We review de novo the BIA's determinations on questions of law and mixed questions of law and fact. *Cordoba*, 726 F.3d at 1113. We review for substantial evidence the BIA's factual findings. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)

## DISCUSSION

### A.  *Convention Against Torture*

We lack jurisdiction to review Petitioner's renewed argument concerning CAT relief.  Our 2014 decision denied the petition as to Petitioner's asylum and CAT claims and remanded for further proceedings only as to withholding of removal.  The BIA "has no power to expand our remand beyond the boundary ordered by our court."  *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th Cir. 2006).  The BIA "was bound by the scope of our remand to resolve the only remaining issue:"  withholding of removal.  *Id.*  As it recognized, the BIA could not consider CAT relief on remand because we expressly disposed of that issue on review. *Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1280 (9th Cir. 2018), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Sept. 3, 2019) (No. 19-282).  The BIA properly addressed Petitioner's CAT argument by noting that, "contrary to [Petitioner's] contention on appeal, the only issue before us is [Petitioner's] eligibility for withholding of removal under the Act, and we will not readdress [his] eligibility for relief under [CAT]."

### B.  *Withholding of Removal*

The BIA's decision on remand rested solely on its determination that Petitioner had not established a cognizable social group.  Thus, the only question before us is whether "people who report the criminal activity of gangs to police" comprise a "particular social group" in Guatemala.

### 1. *Legal Framework*

"The term 'particular social group' is ambiguous." *Henriquez-Rivas*, 707 F.3d at 1083. We have held that the BIA's interpretation of the phrase—as articulated in *M-E-V-G-*, 26 I. & N. Dec. 227, and *W-G-R-*, 26 I. & N. Dec. 208—is entitled to *Chevron* deference. *Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016). In those two decisions, the BIA held that, to establish that a proposed social group is cognizable for purposes of withholding of removal, an applicant must show that the proposed social group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *M-E-V-G-*, 26 I. & N. Dec. at 237.

The "social distinction" prong of the analysis "refers to social recognition." *Rios v. Lynch*, 807 F.3d 1123, 1127 (9th Cir. 2015) (quoting *M-E-V-G-*, 26 I. & N. Dec. at 242). Recognition of a group is determined by "the perception of the society in question, rather than by the perception of the persecutor." *Id.* (quoting *M-E-V-G-*, 26 I. & N. Dec. at 242). "Social distinction" should be determined through a case-by-case, "evidence-based inquiry as to whether the relevant society recognizes [the] proposed social group." *Pirir-Boc*, 750 F.3d at 1084. The agency may not reject a proposed social group without considering the evidence in the record that a specific society recognizes the group. *Id.* at 1083–84. The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence. *Reyes*, 842 F.3d at 1137–38; *see also Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (noting that the cognizability of a social group contains factual questions).

But the ultimate question is a legal one:  given those facts, is there a "particular social group"?  *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (citing *Pirir-Boc*, 750 F.3d at 1081).

### 2.  *Analysis*

Substantial evidence supports the BIA's conclusion that "the record is devoid of any society specific evidence, such as country reports, background documents, or news articles, which would establish that persons who 'report the criminal activity of gangs to the police' are perceived or recognized as a group by society in Guatemala."  The record contains two State Department Human Rights Reports and a Congressional Research Service report, all three of which detail the serious problem of gang violence in Guatemala.  But none of those documents discusses *reporting* gang violence to police, or any risks or barriers associated with doing so.  Nor, critically, does any of those documents assert that Guatemalan society *recognizes* those who, without more, report gang violence as a distinct group.

Similarly, Petitioner's testimony fails to support a finding of social recognition.  He testified that, as far as he knew, only his family and friends—not the community in general—knew that he had filed a report with the police. Although he conjectured that gang members had found out, that testimony shows only individual retaliation, not persecution on account of membership in a distinct social group. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (noting that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim").  Petitioner also acknowledged that he was never called to testify in Guatemala against any gang members, and

he further testified that he had never spoken out publicly against the gang. Given this record, we agree with the BIA's conclusion that Petitioner's proposed social group is not cognizable because of the absence of society-specific evidence of social distinction.

Petitioner's proposed group differs from the group proposed by the petitioner in *Henriquez-Rivas*, 707 F.3d at 1092: people who testified publicly against gang members in criminal proceedings. There, we held that substantial evidence did not support the BIA's conclusion that the proposed group was *not* socially distinct. *Id.* The petitioner in *Henriquez-Rivas* had testified in open court, and the Salvadoran legislature had enacted a special witness protection law to protect those who testify against violent criminals. *Id.* Here, although Petitioner reported the attack to the police, there was no evidence that he ever testified against gang members. Nor is there evidence that Guatemalans who merely make reports to the police are offered special legal protection.

We noted in *Henriquez-Rivas* that we did not "intend to suggest that the public nature of Henriquez-Rivas' testimony is essential to her eligibility" but, because it was public, we did not address whether she would have been eligible had her conduct been private. *Id.* at 1092 n.14. *Henriquez-Rivas*, then, does not foreclose the possibility that reporting gang violence to police *could* suffice to establish eligibility. For example, if there were evidence that, in a specific country, people in the community knew who reported crimes to the police, or if there were laws protecting those who did, the proposed group potentially could be cognizable.

Here, however, Petitioner met with only one police officer; he was not in the main public precinct room but in a separate room when making the report; no evidence was taken from him; he was not photographed; and he did not cooperate with the police beyond making his complaint at the police office.  As noted, Petitioner presented no evidence of a Guatemalan law or program protecting those who, without more, make police reports, and Petitioner presented no other evidence that Guatemalan society recognizes those who just report criminal activity of gangs to police as a particular social group.  The BIA did not err in concluding that Petitioner failed to establish membership in a cognizable particular social group.

**Petition DISMISSED IN PART and DENIED IN PART.**