NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE EMILIO VELASQUEZ LOPEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71885 Agency No. A200-824-074 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Vicente Emilio Velasquez Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review factual findings for substantial evidence, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

The BIA did not err in holding that Velasquez Lopez's social groups were not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1242-43 (substantial evidence supported the determination that the record lacked evidence establishing "people who report the criminal activity of gangs to police" are "perceived or recognized as a group by society in Guatemala"); *Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (holding young males in Guatemala who resist gang recruitment is not a particular social group). Thus, Velasquez Lopez's asylum and withholding of removal claims fail.

We do not consider Velasquez Lopez's contentions as to whether his asylum

application was timely filed. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA); *see also Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the BIA's denial of CAT relief because Velasquez Lopez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

As stated in the court's September 25, 2019 order, the temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**