NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVIS JAISEL GARCIA-FELIPE, | No.   18-73381 |
| Petitioner, | Agency No. A202-005-524 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2021[**]
Pasadena, California

Before:  O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Elvis Jaisel Garcia-Felipe, a Guatemalan native and citizen, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252 and, reviewing the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's legal conclusions *de novo* and its factual findings for substantial evidence, we deny the petition.

The BIA did not err in rejecting as insufficiently particular or distinct Garcia-Felipe's proposed social groups—"young males . . . opposed to gang recruitment" and "individuals who have cooperated with authorities and are threatened by members of criminal organizations." Indeed, we have rejected nearly identical groups on these grounds before. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) ("young males in Guatemala who are targeted for gang recruitment but refuse" lacked particularity), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 744-46 (9th Cir. 2008) ("young men in El Salvador resisting gang violence" lacked particularity), *abrogated in part by Henriquez-Rivas*, 707 F.3d 1081; *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) ("[Guatemalans] who report the criminal activity of gangs to the police" lacked social distinction (internal quotation marks omitted)). And unlike the record at issue in *Henriquez-Rivas*, 707 F.3d 1081, the record here contains no indication that Guatemalan society views those who cooperate with authorities as somehow set apart from society at large. Garcia-Felipe's asylum and withholding claims therefore fail.

Substantial evidence likewise supports the agency's denial of Garcia-

Felipe's CAT claim, as the record does not conclusively establish that he faces a likelihood of torture, either by the government or with its acquiescence, in Guatemala. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). He reported the gang's threats to the police on one occasion and points out that the gang continued intimidating people in the area. However, "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION DENIED.**