**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DAVID RIVERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-70098

Agency No. A205-317-571

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

David Rivera[1], a native and citizen of Honduras, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Although petitioner's name appears as "David Rivera" in the agency
decisions, petition for review, and the briefs, he testified during removal
proceedings that his real name is "Jose Ecirdo Benitez Rivera."

immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *See id*. at 1241-42. We deny the petition for review.

We do not address Rivera's contentions regarding the timeliness of his asylum application because the BIA did not deny relief on that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's determination that Rivera failed to establish he was or would be harmed on account his lack of access to education and career opportunities. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a

protected ground").

The BIA did not err in concluding that Rivera's proposed particular social group of "low-income taxi drivers" was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Thus, Rivera's asylum and withholding of removal claims fail.

Substantial evidence also supports the BIA's denial of CAT relief because Rivera failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (no likelihood of torture).

Rivera's contention that the agency ignored evidence or otherwise erred in its analysis of his claims fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency adequately considered evidence and sufficiently announced its decision); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (reviewing de novo claims of due process violations in immigration proceedings).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**