**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO ALBERTO MARTINEZ-MEJIA; et al., | No. 16-73990 |
| Petitioners, | Agency Nos. A206-845-727 |
| | A206-845-728 |
| v. | A206-845-729 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Pedro Alberto Martinez-Mejia and his two children, natives and citizens of

El Salvador, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. at 1241-42. We deny the petition for review.

Substantial evidence supports the agency's determination that the harm petitioners experienced did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution where perpetrators took no violent actions against the petitioner or his family beyond threats). The agency did not err in concluding that petitioners did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Martinez-Mejia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject petitioners' challenge to the BIA's use of streamlining procedures because the BIA's final order was not a streamlined decision.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.