NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY ALEXANDER VILLEDA MEJIA, AKA Rudy Villeda-Mejia, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  17-72341 <br><br> Agency No. A088-367-378 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022[**]
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and SEEBORG,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Petitioner Rudy Alexander Villeda Mejia ("Villeda") is a native of Honduras who is subject to a reinstated removal order. He appeals from a decision of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal and his alternative request for protection under the Convention Against Torture ("CAT").

Villeda sought withholding of removal, arguing he is a member of the protected social group "witnesses of crimes in Honduras." In 2009, Villeda was working at a cell phone repair shop. While repairing a phone, he accidentally saw and inadvertently deleted videos on four cell phones which showed the customers, who identified themselves as members of the Cachiros drug cartel, dressed up as military or police officers, and it appeared that they were killing people. The BIA's decision denying relief is supported by substantial evidence. The broad social group proposed by Villeda does not have the sufficient "social distinction" and "particularity" to constitute a cognizable social group under the act. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242–43 (9th Cir. 2020). Moreover, Villeda did not report the crime or publicly testify against the gang; indeed, he did not even witness the crime firsthand. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) ("[Petitioner's] proposed group 'witnesses who . . . could testify against gang members based upon what they witnessed,' encompasses 'anyone in Honduras who is a potential witness to anything that can be characterized as crime committed by a

gang member.' As such, the proposed group is not 'discrete' and lacks 'definable boundaries.'").

Nor does evidence compel the conclusion that Villeda will more likely than not be tortured with the consent or acquiescence of the Honduran government, as required for CAT protection. 8 C.F.R. § 1208.18. Villeda testified that he believed the cartel members were also government agents because they were dressed in military or police clothing in the videos he viewed. However, the agency is not required to accept Villeda's belief as fact, *see Ochave v. INS*, 254 F.3d 859, 866 (9th Cir. 2001), and there was no objective evidence that the self-identified cartel members were actually associated with the government. With no indication that anyone has sought him or has interest in him since the events many years ago, Villeda's case is based on a chain of assumptions and speculation instead of evidence demonstrating a likelihood of torture by or with the acquiescence of the government. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022).

**PETITION DENIED.**