NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNY MARISOL SANDOVAL-VILLEGAS; ET AL.,<br><br>    Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   21-70084<br><br>Agency Nos.   A208-163-062<br>                      A208-163-063<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Jenny Marisol Sandoval-Villegas and her minor child, natives and citizens of

El Salvador, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and protection under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners did not establish that the government of El Salvador is unable or unwilling to control the agents of any feared persecution. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel a finding that the government was unwilling or unable to control the feared harm). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'") (internal citation omitted).

Sandoval-Villegas's contentions that the agency ignored evidence or otherwise erred in its analysis of her claims is unsupported by the record.

Petitioners' opposed motion to remand (Docket Entry No. 16) is denied.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**