NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAFNUNCIO MORALES VALDEZ, | No. 22-512 |
| Petitioner, | Agency No. A208-121-738 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2023**
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

Pafnuncio Morales Valdez (Morales), a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals (Board or

BIA) dismissing his appeal of an Immigration Judge's (IJ) denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and his request for post-conclusion voluntary departure.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      We disagree with Morales that remand for the agency to terminate proceedings or to reconsider the IJ's denial of voluntary departure is warranted based on the defective Notice to Appear (NTA). The argument is unexhausted, *see* 8 U.S.C. § 1252(d)(1), and the court's exceptions to the administrative exhaustion requirement do not apply. Even if we were to reach the issue, we would hold that Morales's arguments lack merit. The defective NTA did not divest the agency of subject-matter jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191 (9th Cir. 2022) (en banc) (holding that 8 C.F.R. § 1003.14(a) "is a claim-processing rule not implicating the [immigration] court's adjudicatory authority"). And the physical presence requirement for voluntary departure was never at issue. *See* 8 U.S.C. § 1229c(b)(1)(A); *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021). We decline to remand to the agency to address an issue that had no bearing on its denial of post-conclusion voluntary departure.

2.      The IJ concluded that Morales's application for asylum was untimely because it was filed more than one year after Morales entered the United States,

---

[1] Despite his counsel's repeated and apparently mistaken references to Guatemala in the opening brief, Morales is a native and citizen of Mexico, and he has never contested his citizenship.

and Morales did not qualify for an exception to the one-year filing deadline. 8 U.S.C. § 1158(a)(2)(B). The BIA further determined that Morales forfeited his right to challenge the IJ's finding that his asylum application is time-barred by failing to raise the issue on appeal to the Board. Even if the issue were properly exhausted, Morales, through counsel, forfeited any challenge to the IJ's finding by failing to raise the issue in the petition for review. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended).

3.      Finally, even assuming without deciding that the agency's adverse credibility determination was erroneous, substantial evidence supports the Board's conclusions that Morales did not establish that he will more likely than not be persecuted based on a protected ground, or tortured by or with the acquiescence of a public official, upon return to Mexico. *See Zhao v. Mukasey*, 540 F.3d 1027, 1030 (9th Cir. 2008); *Arteaga v. Mukasey*, 511 F.3d 940, 944, 948–49 (9th Cir. 2007). The record is devoid of society-specific evidence compelling the conclusion that persons who "have kinship to crime witnesses" are members of a socially distinct group in Mexican society, and thus the agency correctly rejected his claim of persecution based on membership in a particular social group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020). And although Morales testified that police officers shoved him to the ground and hit him when he was ten or eleven years old, the record reflects that Morales remained in Mexico

for more than a decade after that incident without experiencing any further harm from either the police or criminal actors, he does not claim that any of his similarly situated family members remaining in Mexico have been harmed in the more than two decades since his cousin was murdered, and he otherwise submitted no evidence compelling the conclusion that he established a clear probability that he will be persecuted or tortured upon return to Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (as amended).

**PETITION FOR REVIEW DENIED**.