NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELBA ESTELA CASTRO DE ESPANA; GERSON OMAR DE ESPANA CASTRO; CORINA CECIBEL DE ESPANA CASTRO; HELEN ELIZABETH DE ESPANA CASTRO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1283 <br><br> Agency Nos. <br> A208-745-411 <br> A208-745-414 <br> A208-745-412 <br> A208-745-413 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023[**]
Pasadena, California

Before: TASHIMA, GRABER, and CHRISTEN, Circuit Judges.

Petitioner Elba Estela Castro de Espana and her three children are natives

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and citizens of El Salvador. They timely petition for review of a decision of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's decision and, to the extent the BIA relied on the IJ's decision, we review it as well. Singh v. Holder, 753 F.3d 826, 830 (9th Cir. 2014). The agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Garland v. Ming Dai, 141 S. Ct. 1669, 1677 (2021). We deny the petition.

1. With respect to asylum and withholding of removal, the BIA ruled, first, that Petitioner failed to show that the Salvadoran government was unable or unwilling to protect her from harm at the hands of private actors whom she fears. Petitioner suffered harm when members of the MS-13 gang extorted money from her, attempted a sexual assault, and threatened her. Nonetheless we are not compelled to find that the BIA's factual conclusion is wrong. The IJ appropriately

---

[1] The children are derivative beneficiaries only of the asylum claim. See Sumolang v. Holder, 723 F.3d 1080, 1083 (9th Cir. 2013) (no derivative relief for statutory withholding of removal); Ali v. Ashcroft, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (no derivative relief for CAT protection). We refer to the lead petitioner as "Petitioner."

considered the fact that Petitioner did not report any of those incidents to the police and the record does not demonstrate that it would have been futile or dangerous to do so.  See Rahimzadeh v. Holder, 613 F.3d 916, 921 (9th Cir. 2010) ("Where the persecutor is not a state actor, we consider whether an applicant reported the incidents to police[.]" (citation and internal quotation marks omitted)), abrogated on other grounds by Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1069–70 (9th Cir. 2017) (en banc); Velasquez-Gaspar v. Barr, 976 F.3d 1062, 1064 n.1 (9th Cir. 2020) (applicant can explain a failure to report by showing that reporting would be futile or dangerous).  Although the country conditions evidence on which the IJ and BIA relied identifies ways in which the authorities in El Salvador fail to protect women from violent crimes, it also notes the country's efforts to address such violence.  Accordingly, we cannot say that the record compels a conclusion contrary to the agency's.

As an independent ground for denial of relief, the BIA ruled that neither of Petitioner's proposed particular social groups ("mothers living in El Salvador while husbands live in the United States" and "women living alone in El Salvador with teenage daughters") is socially distinct.  The BIA's conclusion is supported by substantial evidence.  See Conde-Quevedo v. Barr, 947 F.3d 1238, 1242 (9th Cir. 2020) (holding that social distinction is a question of fact).

2. With respect to CAT protection, substantial evidence supports the BIA's affirmance of the IJ's finding that Petitioner failed to show that any torture she might suffer in the future would be perpetrated by or with the consent or acquiescence of a government actor. See 8 C.F.R. §§ 208.16(c)(2), 208.18(a). As noted, Petitioner did not seek assistance from the government when she suffered harm from private actors and thus did not show government acquiescence in the past. And documents in the record support the BIA's observation that the Salvadoran government is attempting to curb violence against women.

3. We may not, and do not, consider Petitioner's additional arguments concerning issues on which the BIA expressly declined to rule or rely. See Santiago-Rodriguez v. Holder, 657 F.3d 820, 829 (9th Cir. 2011) (observing that we may consider only the grounds on which the BIA relied).

**PETITION DENIED.**