**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN HERMES MEDRANO ROBAYO; YUDY CAROLINA HERNANDEZ PARRA; DAN JEREMY MEDRANO HERNANDEZ; KILI ALI MEDRANO HERNANDEZ; JHUSTHYN KUEL MEDRANO HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.  24-2993 <br><br> Agency Nos. <br> A220-754-768 <br> A220-754-769 <br> A220-754-770 <br> A220-754-771 <br> A220-556-869 <br><br> MEMORANDUM[*] |
| JHUSTHYN KUEL MEDRANO HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.  24-3022 <br><br> Agency No. <br> A220-556-869 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 11, 2025<sup></sup>
Pasadena, California

Before:  BYBEE, IKUTA, and FORREST, Circuit Judges.

John Hermes Medrano Robayo, Yudy Carolina Hernandez Parra, Jhusthyn Kuel Medrano Hernandez, Dan Jeremy Medrano Hernandez, and Kimi Ali Medrano Hernandez, natives and citizens of Colombia, petition for review of an order from the Board of Immigration Appeals (BIA) dismissing their appeal of a final order of removal issued by an immigration judge (IJ).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

Substantial evidence supports the BIA's conclusion that the petitioners did not qualify for asylum or withholding of removal.  The petitioners did not show that their proposed particular social group (PSG) of "[n]urses and their families from Colombia forced to medically treat government guerillas commonly known as[] FARC dissidents," was socially distinct.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131–32, 1132 n.3 (9th Cir. 2016). The BIA concluded that nurses forced to medically treat government guerillas were not a cognizable group in Colombian

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]    Because the petitioners' opening brief does not separately discuss Jhusthyn Medrano-Hernandez's separate application for relief, the petitioners have forfeited any independent challenge to the agency's decision regarding Jhusthyn Medrano-Hernandez.

society, because the proposed PSG did not possess "fundamental identifying characteristics which cause such individuals to be perceived as a distinct social group or groups by Colombian society." Petitioners do not point to any evidence that compels a different conclusion. Thus, substantial evidence supported the BIA's conclusion that the proposed PSG was "not cognizable." *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243–44 (9th Cir. 2020).

Petitioners forfeited their challenge to the agency's dispositive determination regarding relief under the Convention Against Torture (CAT), namely, that the petitioners would not likely face future torture by or with the acquiescence of the Colombian government. Petitioners' challenge to the agency's conclusion regarding CAT relief is little more than "a single sentence" and does not "coherently develop[] the argument." *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (citation omitted).[2]

**PETITION DENIED.**

---

[2] Regardless, substantial evidence supports the BIA's conclusion that the petitioners are not entitled to CAT relief. The prior threats that the petitioners experienced, without physical harm, are insufficient to compel a contrary conclusion to that of the BIA. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).