NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO FELIPE FUNEZ
ALVARADO; ANGEL EDUARDO
FUNEZ LEON,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1451

Agency Nos.
A215-818-209
A215-818-210

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2025
San Francisco, California

Before: OWENS and BUMATAY, Circuit Judges, and LIBURDI, District Judge.**

Eduardo Funez Alvarado ("Lead Petitioner") seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal of the Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal, and

relief under the Convention against Torture ("CAT"). His son, Angel Funez Leon,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

similarly seeks review of the denial of his derivative application for asylum. Both Lead Petitioner and his son (collectively, "Petitioners") are natives and citizens of Honduras. We review the BIA's factual findings for substantial evidence and review questions of law de novo. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Among other things, asylum requires a showing of persecution that was or would be committed by the government or by forces that the government was unable or unwilling to control. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). We decline to consider Petitioners' argument that the IJ and BIA (collectively, the "Agency") failed to consider testimony that the police advised Lead Petitioner to leave Honduras after reporting he was beaten and threatened by MS-13 because Petitioners failed to exhaust this argument in front of the BIA. *See Gonzales-Castillo v. Garland*, 47 F.4th 971, 980–81 (9th Cir. 2022); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Further, despite some record evidence of police corruption and gang impunity, substantial evidence (e.g., Lead Petitioner was able to file a report, the police said they would investigate, Petitioners left Honduras before an investigation could be conducted, and the country conditions report stated the government was working to combat gang violence) supports the conclusion that the government was not unwilling or unable to control MS-13. *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009).

2.     Because Lead Petitioner failed to show that the government was unwilling or unable to control MS-13, his withholding of removal claim necessarily fails. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

3.     To be eligible for relief under the CAT, "an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). As explained above, Lead Petitioner failed to exhaust the argument that the Agency failed to consider his testimony. Further, the same substantial evidence supports the Agency's determination that the Honduran government is not likely to consent or acquiesce to Lead Petitioner's torture. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam).

4.     The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**