NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS OSVALDO JIMENEZ-OCHOA, | No. 21-70398 |
| Petitioner, | Agency No. A213-133-687 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2026**
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER,*** District Judge.

Luis Osvaldo Jimenez-Ochoa, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (emphasis omitted) (citation omitted). We review questions of law de novo, *id.*, including "[w]hether [a petitioner's] particular social group is cognizable," *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). We review for substantial evidence the agency's "conclusion regarding social distinction— whether there is evidence that a specific society recognizes a social group." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (quoting *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020)). We "review de novo claims of . . . due process violations in removal proceedings." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).

"To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). An alien seeking relief based on membership in a particular

social group must demonstrate that the group is: (1) composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question. *See Diaz-Reynoso*, 968 F.3d at 1077 (citation omitted).

1.     The agency properly concluded that Jimenez-Ochoa's asylum and withholding of removal claims failed because his proposed particular social group was not cognizable. The BIA held that the proposed group of "witness[es] to a crime who report[] the crime to the police" lacked (1) social distinction, such that Salvadoran society would consider persons who share the group's characteristics to be a distinct group, and (2) particularity, since the parameters of the group were not delineated in such a way as to distinguish the group members from other members who generally pose a threat to a criminal enterprise. We agree. Substantial evidence supports the agency's determination that witnesses who merely report crimes to the police but do not testify in judicial proceedings are viewed by Salvadoran society as a distinct particular social group. *Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc) (holding that the group of persons who "*had testified*" against "gang members in open court" constituted a distinct social group in El Salvador in light of evidence such as a Salvadoran law protecting "victims, witnesses, and others *who are involved . . . in judicial proceedings*" (emphasis added)); *see also Conde Quevado*, 947 F.3d at 1243–44 (distinguishing *Henriquez-*

3

*Rivas*). Moreover, the proposed group was not defined by characteristics that provide clear benchmarks, was not discrete, and did not have definable boundaries for identifying who falls within the group. *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016) (recognizing that for a group to be "particular" it must have a definable boundary).

2. The BIA properly denied the due process claim. "Due process requires that an applicant be given competent translation services." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). When a petitioner argues that he was denied due process because of incompetent translation, he must show that he was "prejudiced" by the incompetent translation. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Jimenez-Ochoa has failed to show prejudice. His concern is that he was unable to correct perceived inconsistencies between his testimony and the credible fear interview notes due to the poor quality of the interpretation at the removal hearing. But as the BIA noted, his testimony did not address whether his proposed particular social group was cognizable, which was an independent and sufficient ground to deny his application for asylum and withholding of removal. Therefore, there is no support for Jimenez-Ochoa's claim that a better interpretation "would have made a difference in the outcome of the hearing." *See Singh v. Ashcroft*, 367 F.3d 1139, 1144 (9th Cir. 2004) (citation omitted).

**PETITION DENIED.**

4