**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVIA MARITZA CHAVEZ DE MUNGUIA; GENESIS GUADALUPE MUNGUIA CHAVEZ, | No. 19-72437 |
| Petitioners, | Agency Nos. A205-634-825 A205-634-826 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2021**
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Petitioners Silvia Maritza Chavez de Munguia and her daughter, Genesis Guadalupe Munguia Chavez (collectively, "Munguia"), applied for asylum, withholding of removal, and relief under the Convention Against Torture. Munguia claims that she was persecuted on three protected grounds: political opinion, family membership, and the particular social group of "Salvadorans who refuse to comply with extortion demands." Munguia also asserts that she is entitled to CAT relief, a new hearing because of errors in translation, and humanitarian asylum on the basis of family membership. The Immigration Judge denied her applications. The BIA affirmed the IJ's denial of her claims. We deny the petitions.

1. The BIA was within its authority to conclude that the facts were insufficient to demonstrate that Munguia's resistance to gang extortion demands was an actual or imputed political opinion under the INA. Munguia "provided no evidence that [her] opposition to the gang's criminal activity was based on political opinion" or "that the [gang] imputed to [her] any particular political belief." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

2. Munguia put forward two proposed social groups based on her family membership: (1) "immediate relatives of Evereth Alexander Munguia Ortiz" (her

husband) and (2) "immediate relatives of Luis Vasquez" (her cousin). She asserts that the agency erred in holding that she failed to establish a nexus between either group and the alleged persecution. The evidence does not compel a contrary conclusion. Munguia has not provided any evidence, direct or circumstantial, of the gang's animus towards her husband or his relatives. She acknowledges that her family still lives in El Salvador and does not know if they have had problems with the gangs. Petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground" of family membership. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Therefore, the BIA did not err.

3. The BIA did not err when it determined that the proposed social group, "Salvadorans who refuse to comply with extortion demands" is not cognizable. Substantial evidence supports the BIA's conclusion that Munguia has "not shown that the proposed social group is socially distinct within Salvadoran society." *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (finding insufficient evidence that "persons who report the criminal activity of gangs to the police are perceived or recognized as a group by society in Guatemala" (internal quotation marks omitted)).

4. Under CAT, Munguia must establish that it is more likely than not that she will be tortured if returned to El Salvador, either by government officials or by others with government officials' acquiescence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2013); 8 C.F.R. § 1208.16(c)(2). Munguia has failed to provide evidence that the Salvadoran authorities will either torture her or acquiesce in any harm that occurs to her. She has not shown that the gangs continue to harass her family members that remain in El Salvador, or that the gang has been asking about her whereabouts. Substantial evidence supports the BIA's conclusion that Munguia's fear of torture was "based on a chain of assumptions and a fear of what might happen, rather than evidence that [shows] that it is more likely than not that [Munguia] will be subjected to torture."

5. Munguia argues that incompetent translation services at her asylum hearing violated her due process. The IJ recognized the possibility that there was "a miscommunication within the interpretation" or that Munguia "simply did not understand some of the questions," presumably "as a result of a difference in language." Indeed, Petitioner's briefing does not identify either (1) inaccurate testimony by Petitioner as a result of the translation or (2) testimony that the Petitioner would have given if the translation had not had the alleged defects.

Munguia has not shown that the defects "prejudiced the outcome of the hearing." *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

6. Petitioner argues that the BIA failed to consider her arguments that she was entitled to claim humanitarian asylum due to childhood persecution on account of her status as an immediate relative of her mother. An alien may be granted humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii), if "in the absence of well-founded fear of persecution," the alien "has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution; or . . . has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country." However, humanitarian asylum may only be granted where the alien has established that she is "a refugee on the basis of past persecution" under 8 C.F.R. § 1208.13(b)(1). The BIA is "not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). But "a general statement that [the BIA] considered all the evidence before it may be sufficient." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (cleaned up). The BIA considered all and rejected *all protected grounds*, including her previous assertions regarding family membership.

The Petition is **DENIED.**