NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENLONG MENG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 15-71861

Agency No. A087-870-175

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 23, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Genlong Meng, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention under Torture ("CAT"). We review for

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F. 3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the BIA's determination of Meng's ineligibility for asylum and withholding of removal. While the BIA agreed with the IJ's denial of both claims for relief based on Meng's adverse credibility, it also affirmed the IJ's alternative finding that, even assuming Meng's credibility, he has not established past persecution or a well-founded fear of future persecution in China. On appeal, Meng does not challenge this alternative ruling. Because Meng cannot qualify as a "refugee" without a showing of past or future persecution, *see* 8 U.S.C. § 1101(a)(42), Meng's failure to appeal is fatal to his claims for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A). Accordingly, the record does not compel reversing the denial of asylum and withholding.

2. Substantial evidence also supports the BIA's denial of CAT relief. The BIA affirmed the IJ's finding that Meng was inconsistent about how long and how badly he was abused by police, who introduced him to his church in the United States, why he did not use his passport when first issued, and the conditions of his release from detention. Meng argues on appeal that his testimony should have deemed credible and that it would establish his CAT claim.

The record supports the BIA's credibility determination. Meng contends that

2

the IJ erred by viewing inconsistencies between Meng's declaration and testimonial evidence about the conditions of his release from detention as damaging to Meng's credibility. Meng contends any discrepancy in his declaration was due to "mistakenly rel[ying]" on his non-attorney advisor in drafting the declaration. But the IJ and the BIA are not required to credit these explanations. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In addition, the IJ and BIA also relied on four other discrepancies to support the adverse credibility finding. Given that Meng does not appeal any of those findings, substantial evidence supports the adverse credibility determination.

The determination that Meng failed to proffer corroborative evidence was also supported by substantial evidence. We uphold the BIA's determination unless the record "compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir.2006). When a petitioner offers testimony alongside country condition reports, and the petitioner's testimony is found not credible, "to reverse the BIA's decision we would have to find that the reports alone compelled the conclusion that [Meng] is more likely than not to be tortured." *Id.* at 922–23. And although Meng's reports "confirm that torture takes place in [China], they do not compel the conclusion that [Meng] would be tortured if returned." *Id.* at 923.

The temporary stay of removal remains in place until issuance of the mandate.

**DENIED**.

3