**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| VICTORIA ORBELINA ALVAREZ TREJO; ZAIDA LARISSA BENITEZ ALVAREZ; SHEILA AYLEN ALVAREZ TREJO, | No. 21-547 <br><br> Agency Nos. <br> A209-388-264 <br> A209-388-265 <br> A209-388-266 |
| Petitioners, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2023
Pasadena, California

Before: BERZON, MILLER, and LEE, Circuit Judges.

Victoria Orbelina Alvarez Trejo ("Alvarez Trejo"), a native and citizen of

El Salvador, petitions for review of a Board of Immigration Appeals ("BIA")

decision affirming the immigration judge's ("IJ") order denying her and her two

minor daughters' applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

protection under the Convention Against Torture ("CAT"). We deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). "We examine the BIA's 'legal conclusions de novo and its factual findings for substantial evidence.'" *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)).

1. The BIA did not err in determining that Alvarez Trejo failed to establish a fear of future persecution on account of her membership in either of the two particular social groups Alvarez Trejo proposed.

First, substantial evidence supports the BIA's conclusion that Alvarez Trejo was not targeted because of her membership in the proposed particular social group "nuclear family." No evidence in the record supports the conclusion that Alvarez Trejo or family members were targeted on account of their family association. Rather, as the IJ concluded, the evidence, including Alvarez Trejo's own testimony, shows that Alvarez Trejo's interactions, as well as her family's interactions, with the 18th Street Gang appear to be random or economically motivated.

Second, the BIA did not err in concluding that Alvarez Trejo's second proposed particular social group, "El Salvadoran women who gangs believe reported crimes to police" is not cognizable on the instant record. Substantial

evidence supports the BIA's conclusion that the proposed group is not cognizable because it is not socially distinct. No evidence in the record shows that Salvadoran society perceives women who are perceived by gangs to have reported crimes to police as a group. *Cf. Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (noting that people who privately report crimes to police may be socially distinct "if there were evidence that, in a specific country, people in the community knew who reported crimes to the police, or if there were laws protecting those who did"). Although Alvarez Trejo argues that the witness protection law enacted in 2006 serves as evidence that Salvadoran society views people who report crimes to police as socially unique, neither the witness protection law, as described in the record, nor the country conditions reports mention protections for women who are perceived to have reported crimes to police. *See Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237-38 (BIA 2021).

Moreover, the evidence does not compel a conclusion contrary to the BIA's determination that the gang did not actually perceive Alvarez Trejo to have reported a crime. Although some evidence in Alvarez Trejo's testimony supports her contention that the gang believed she had reported a crime, Alvarez Trejo also recounted that the gang made statements indicating it threatened her in exchange for future silence, rather than because of a belief that she had reported crimes.

21-547

In sum, substantial evidence supports the BIA's conclusion that Alvarez Trejo failed to show a nexus between past or future persecution and the proposed group "nuclear family." Her second proposed social group, Salvadoran women who gangs believe have reported crimes, is not, on this record, cognizable. We therefore affirm the denial of Alvarez Trejo's asylum application as to those grounds.

2. The BIA also did not err in determining that Alvarez Trejo did not establish a nexus between either past or feared future persecution and her political opinion. The record does not support a conclusion that Alvarez Trejo held or expressed a political opinion by remaining neutral in an environment in which political neutrality is fraught with hazard. *See Sangha v. I.N.S.*, 103 F.3d 1482, 1488 (9th Cir. 1997). Alvarez Trejo's testimony that she refused to shelter a fleeing gang member and initially refused to pay money to gangs from the family store, is insufficient to compel the conclusion that she expressed a refusal to support gangs. Alvarez Trejo also did not introduce evidence compelling the conclusion that the gang imputed a political opinion to her or targeted her on account of that opinion. Alvarez Trejo explains the gang's persecution of her family as principally random (fleeing police), money-based, or retaliatory. Thus, substantial evidence supports the BIA's conclusion that Alvarez Trejo did not establish that she held or was imputed to have a political opinion for which she was targeted. Her claim for asylum on that ground fails.

4

3.  Finally, the BIA did not err in rejecting Alvarez Trejo's Convention Against Torture claim on the grounds that Alvarez Trejo did not establish that she is more likely than not to be tortured upon return to El Salvador and that the government would acquiesce in torture by the 18th Street Gang.  *See* 8 C.F.R. § 1208.18(a)(1).  Substantial evidence supports the IJ's conclusions, incorporated into the BIA's review, that the gang did not previously torture Alvarez Trejo and that she has not shown that any future treatment would reach the level of torture.  Additionally, Alvarez Trejo's testimony that gang members threatened her about going to the police and were hiding from the police supports the BIA's conclusion that the police and government are not working together with the gang, so the police would not turn a blind eye to the gang's treatment of Alvarez Trejo's family.  Finally, the country conditions reports that Alvarez Trejo submitted contain descriptions of the Salvadoran government's efforts to control gang activity, additionally supporting the BIA's conclusion that acquiescence is not shown on the record.  In sum, the record does not compel the conclusion that Alvarez Trejo would be tortured upon return to El Salvador or that the government would acquiesce in such torture, and the BIA did not err in denying Alvarez Trejo's CAT claim.

The petition for review is **DENIED**.  The motion to stay removal is **DENIED**.