NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALICE PAMELA MAZAIWANA, AKA Grace Bezaliel, AKA Janepher Mazaiwana, AKA Pamela Mazaiwana Ncube, | No.   19-70081 |
| Petitioner, | Agency No. A206-438-999 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Alice Pamela Mazaiwana, a native and citizen of Zimbabwe, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her applications for asylum, withholding

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that even if a presumption of future persecution applied, the presumption was rebutted where, among other things, the agent of Mazaiwana's past harm has died, and she regularly returned to Zimbabwe without incident. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998-99 (9th Cir. 2003) (substantial evidence supported finding that presumption of future persecution was rebutted); 8 C.F.R. §§ 1208.13(b)(1)(i)(A) (asylum), 1208.16(b)(1)(i)(A) (withholding of removal). Thus, Mazaiwana's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Mazaiwana failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Zimbabwe. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**