**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO VASQUEZ SANTIAGO, | No. 21-70311 |
| Petitioner, | Agency No. A206-671-257 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Arturo Vasquez Santiago, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Vasquez Santiago failed to establish he was or would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In light of this disposition, we need not reach Vasquez Santiago's remaining contentions regarding his claims for asylum and withholding of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, Vasquez Santiago's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Vasquez Santiago failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)

2                                                                      21-70311

("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'") (internal citation omitted). Vasquez Santiago's contentions that the agency applied the wrong standard or otherwise erred in the CAT analysis are not supported by the record.

Vasquez Santiago's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**