UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZA LOPEZ TOMAS DE PEDRO; et al., | No. 22-656 |
| Petitioners, | Agency Nos. A208-605-647 A208-605-648 A208-605-649 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | ORDER |
| Respondent. | |

Before: CANBY, CALLAHAN, and OWENS, Circuit Judges.

Petitioners' petition for panel rehearing is granted. The memorandum disposition filed on September 22, 2023, is withdrawn. A replacement memorandum disposition is being filed concurrently with this order.

Any further petition for rehearing is due 45 days from the date of this order.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZA LOPEZ TOMAS DE
PEDRO; et al.,

         Petitioners,

 v.

MERRICK B. GARLAND, Attorney
General,

         Respondent.

No. 22-656

Agency Nos.
A208-605-647
A208-605-648
A208-605-649

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 4, 2024[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Lorenza Lopez Tomas de Pedro and her two minor children, natives and

citizens of Guatemala, petition pro se for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, petitioners' asylum claims fail. Because petitioners failed to establish any nexus at all, they also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

In light of this disposition, we need not reach the remaining contentions regarding the merits of petitioners' asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The record does not support petitioners' contentions that the IJ or BIA failed to consider evidence or otherwise erred in the analysis of their claims. *See Najmabadi v. Holde*r, 597 F.3d 983, 990 (9th Cir. 2010) (agency adequately considered evidence and sufficiently announced its decision); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error required to prevail on a due process claim).

Petitioners' contention that the IJ failed to examine the children's claims from the "perspective of a child" is not properly before the court because it was not raised before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

As to voluntary departure, we remand for the agency to determine petitioners' eligibility in light of our intervening decision in *Posos-Sanchez v. Garland*. 3 F.4th 1176, 1185 (9th Cir. 2021) (statutorily deficient notice to appear does not trigger the voluntary departure stop-time provision); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002); *Vasquez-Rodriguez v. Garland*, 7 F.4th 888,

896 (9th Cir. 2021) (exhaustion not required where resort to the agency would be futile); *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004) ("We do not require an alien to exhaust administrative remedies on legal issues based on events that occur after briefing to the BIA has been completed.").

Each party must bear its own costs for this petition for review.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**