**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERVASIO PASCUAL CRISTOBAL, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-497 Agency No. A216-268-579 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Gervasio Pascual Cristobal, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Id*. We deny the petition for review.

The record does not compel the conclusion that Pascual Cristobal established changed or extraordinary circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4)-(5) (changed and extraordinary circumstances); *Alquijay v. Garland*, 40 F.4th 1099, 1103 (9th Cir. 2022) ("As a general rule, ignorance of the law is no excuse" (citation and internal quotation marks omitted)). Pascual Cristobal's contention regarding an exception to the untimely asylum application based on a class action settlement agreement is not properly before the court because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule). Thus, Pascual Cristobal's asylum claim fails.

Substantial evidence supports the agency's determination that Pascual

Cristobal failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (explaining that the nexus standard for withholding of removal is "a reason" in contrast to the "one central reason" standard for asylum). Thus, Pascual Cristobal's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because petitioner failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

To the extent Pascual Cristobal asserts the agency applied the incorrect legal standards to his applications for withholding of removal and CAT protection, this claim is unsupported by the record.

Pascual Cristobal's request to correct the briefing deadlines, included in Docket Entry No. 13, is denied as moot.

23-497

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**