NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO CHITAY-CANTE et al., Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-4323 Agency Nos. A220-151-808 A220-151-809 A220-151-810 A220-151-811 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2025**
Pasadena, California

Before: MURGUIA, Chief Judge, and R. NELSON and SUNG, Circuit Judges.

Eduardo Chitay-Cante, a native and citizen of Guatemala, applied for

asylum, withholding of removal, and protection under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture (CAT).[1]  An immigration judge (IJ) denied the applications, and the Board of Immigration Appeals (BIA) dismissed Chitay-Cante's administrative appeal. Chitay-Cante petitions for review.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  Substantial evidence supports the agency's conclusion that Chitay-Cante failed to establish the requisite nexus between his membership in a particular social group and any harm he suffered or fears in Guatemala.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding of removal).  Chitay-Cante's testimony that his new motorcycle was stolen because he had just purchased it, and his statement that threatening phone calls were an attempt to extort money, substantially support the conclusion that the past harm he faced was motivated solely by general criminal and economic motives rather than any protected characteristic of Chitay-Cante or his family members.  *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2.  Substantial evidence also supports the agency's conclusion that Chitay-Cante failed to demonstrate that the Guatemalan government consented to or

---

[1] Chitay-Cante is the lead petitioner.  His wife and two children are rider petitioners.  Because Chitay-Cante's family members' claims are dependent on his—and for the sake of simplicity—we refer simply to Chitay-Cante.  *Cf. Conde Quevedo v. Barr*, 947 F.3d 1238, 1240 n.1 (9th Cir. 2020).

acquiesced in any harm that he faced or might face. *See* 8 C.F.R. § 1208.18(a)(7). As Chitay-Cante testified, Guatemalan police responded to his complaints and stated they would investigate the theft of his motorcycle. This provides substantial evidence for the conclusion that the Guatemalan government did not, and would not in the future, acquiesce to criminal activities threatening Chitay-Cante. No record evidence—including the fact that the police failed to apprehend the robbers—compels a contrary conclusion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**